## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Ruth Marstall, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No.: 20-cv-4012 |
| | ) |
| Unified School District No. 501 | ) |
|     Defendant. | ) |

## COMPLAINT

The Plaintiff, Ruth Marstall ("Plaintiff" or "Marstall"), for her complaint against the

Defendant, Unified School District No. 501 ("Defendant" or "USD 501"), alleges as follows:

### JURISDICTION AND VENUE

1.       This action is brought under Title VII of the Civil Rights Act of 1964 ("Title

VII") for discrimination on the basis of race.  The case is also brought under 42 U.S.C. § 1981

("Section 1981") for an illegal termination of employment based upon Marstall's race

(Caucasian).  Jurisdiction is proper under 28 U.S.C. § 1331 & 1343 and 42 U.S.C 2000e-5(f)(3).

Venue is proper under 28 U.S.C. § 1391(b)(2) because the facts giving rise to this complaint

arose in this district.

2.       The  Plaintiff filed a timely charge of age discrimination with the Equal

Employment Opportunity Commission (EEOC) within 300 days of the acts giving rise to this

lawsuit.  Marstall, received a Notice of Right to Sue from the Department of Justice because this case involves a government entity on November 27, 2019.  This suit is filed within 90 days of the receipt of that notice which was sent to the Plaintiff's counsel by certified mail.  The signed receipt is attached hereto as Exhibit 1.  Marstall has satisfied all conditions precedent to the filing of this lawsuit.

## PARTIES

3.	Marstall is a former employee of Defendant school district who worked for the district from on or about September 17, 2012, until USD 501 unlawfully terminated her employment on or about November 2, 2017.

4.	USD 501 is a public school district that encompasses the city of Topeka, and is often referred to as "the Topeka school district."  The Defendant has more than 15 employees and is a covered employed for purposes of Title VII and also subject to the provisions of Section 1981.

## BACKGROUND FACTS

5.	Marstall served as the Recruitment Coordinator for USD 501.  One of her job duties was to post all of the job openings in the district on the district's employment webpage.  During most of Marstall's tenure at USD 1, it was the practice of USD 1 to list a closing date for the submittal of applications for the open positions.

6.	Sometime prior to October 24, 2017, USD 501 changed its policy to eliminate closing dates for job applications and, rather, indicate that job applications could be submitted until job positions were filled.  This change was not contained in any policy, memorandum or other document that the Defendant adopted or issued but was stated orally.

7.      On October 24, 2017, Sara Finney, the Manager of Substitute Services, was attempting to apply for the position of Accounts Payable Clerk II.  This position was a lower level position than the one that Finney held.  On that date, Finney went to Marstall to ask why she had been unable to get the district's computerized application system to accept her application.  When Marstall investigated the situation, she discovered that someone had placed a "closed" date for applications on the job posting.  Knowing that the Defendant had changed its practice on closed date job openings, Marstall changed the job posting to an open until filled position.

8.      By changing the position posting to an "open until filled" posting, Finney was able to apply for the position--as were all other persons who wanted to apply for the position.  Eventually, someone other than Finney was hired for the position.

9.      On October 25, 2017, Carla Nolan,  General Director of Human Resources, delivered a letter to Marstall advising Marstall that Nolan was recommending to the Board of Education that Marstall be fired because of her misuse of her authority "to personally benefit another HR employee."  Nolan relied upon USD 501's ethics policy, Policy 2541--Business Office Conduct.  Nolan further stated in her letter that she was recommending that Marstall's separation from employment be shown in the records as a "termination" rather than "retirement." Nolan's action came just four days before Marstall's retirement date--a date known to Nolan. Upon information and belief, the Defendant did retroactively change Marstall's reason for separation from employment from "retirement" to "termination."

10.     At the time that the Defendant terminated Marstall's employment, Marstall was performing her job in an exemplary fashion.  In Marstall's last annual evaluation prior to her firing, the District rated her job performance as "Exemplary" in every one of 20 different criteria.

3

11.  Marstall had the authority to change the job posting for the Accounts Payable Clerk II from a closed application date to an open until filled status.  This change was consistent with the District's change in recruitment practices.

12.  The District replaced Marstall with a female, African-American employee.

### COUNT 1:  THE DEFENDANT VIOLATED TITLE VII

13.  The Plaintiff incorporates the above allegations as if set forth here.

14.  Title VII prohibits job discrimination on the basis of race.

15.  The Defendant violated Title VII by terminating Marstall's employment based upon her race and hiring an African-American employee in her place.

16.  The Defendant's stated reason for terminating Marstall's employment is a pretext for its actual reason--Marstall's race.

17.  The Defendant's unlawful termination of Marstall has caused her economic loss, embarrassment, humiliation and emotional distress ("emotional distress").

The Plaintiff prays that this Court enter judgment in her favor, awarding her damages for economic loss and emotional distress, interest on her damages, costs and attorneys' fees.

### COUNT 1:  THE DEFENDANT VIOLATED SECTION 1981

18.  The Plaintiff incorporates the above allegations as if set forth here.

19.  Section 1981 prohibits discrimination in employment on the basis of race, including racially motivated terminations of employment.

20.  The Defendant violated Section 1981 by terminating Marstall's employment based upon her race and hiring an African-American in her place.

21.  The Defendant's stated reason for terminating Marstall's employment is a pretext for its actual reason--Marstall's race.

22.  The Defendant's unlawful termination of Marstall has caused her economic loss, embarrassment, humiliation and emotional distress ("emotional distress").

The Plaintiff prays that this Court enter judgment in her favor, awarding her damages for economic loss and emotional distress, interest on her damages, costs and attorneys' fees.

### GENERAL PRAYER FOR RELIEF

The Plaintiff prays for such additional relief as the Court deems appropriate, including declaratory and injunctive relief.  Declaratory relief includes a declaration that the Defendant's termination of Marstall's employment violated Title VII and Section 1981and injunctive relief to require the Defendant to change the reason for Marstall's separation from employment as retirement.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all matters triable to a jury.

### DESIGATION OF PLACE OF TRIAL

The Plaintiff designates Topeka, Kansas, as the place for trial.


Respectfully submitted,



/s/  James M. Kaup
James M. Kaup, #10198
Kaup Law Office
214 SW 6th Avenue
Suite 302
Topeka, Kansas 66603
785-235-1111 (office)
785-231-9348 (cellular)
kaup@kauplawoffice.com

6

/s/ Michael M. Shultz
Michael M. Shultz KS # 18093
17710 West 70th Street
Shawnee, Kansas 66217
913-433-4997
michael@theshultzlawfirm.com

**Exhibit 1**

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marshall
c/o Kaup, CO2
LA64103

9590 9402 4091 8092 4160 97

2. Article Number *(Transfer from service label)*

7018 1830 0000 1246 8193

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                    11/27/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

11.13.19

Domestic Return Receipt

USPS TRACKING #



9590 9402 4091 8092 4160 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Jessica A. Weeks
Employment Litigation Section/Civil Rights Division
4 Constitution Square
150 M Street, NE, Suite 9.1419
Washington, DC 20530